UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
*Filed Electronically*

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) | |
| | ) | |
| | ) | **CASE NO.** _____ |
| PLAINTIFF | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| CHEYEENE R. CLIFFORD | ) | |
| Serve: Bourbon County Detention Center/Jail | ) | |
| 101 Legion Road | ) | |
| Paris, KY 40361 | ) | |
| | ) | |
| JESSICA HARPER, As Administrator of the | ) | |
| Estate of Nathanial Clay Welch | ) | |
| Serve: 1745 East Hickman Road | ) | |
| Nicholasville, KY 40356 | ) | |
| | ) | |
| CLIFFORDS CONSTRUCTION, LLC | ) | |
| Serve: Legalinc Corporate Services, Inc. | ) | |
| Registered Agent | ) | |
| 9900 Corporate Campus Drive, Suite 3000 | ) | |
| Louisville, KY 40223 | ) | |
| | ) | |
| DYLAN SAUCEDO | ) | |
| Serve: 113 Rayne Street | ) | |
| Carlisle, KY 40311 | ) | |
| | ) | |
| EMILY EARLYWINE | ) | |
| Serve: 179 Moorefield Road | ) | |
| Carlisle, KY 40311 | ) | |
| | ) | |
| ESTATE OF GAGE GAUNCE | ) | |
| Serve: Justin Peterson, Attorney | ) | |
| 811 Corporate Drive | ) | |
| Lexington, KY 40503 | ) | |
| | ) | |
| DEFENDANTS | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, Employers Mutual Casualty Company ("EMC"), by counsel, and for its Complaint for Declaratory Judgment against the Defendants, Cheyeene R. Clifford, Cliffords Construction, LLC, Jessica Harper, as Administrator of the Estate of Nathaniel Clay Welch, Dylan Saucedo, Emily Earlywine, and the Estate of Gage Gaunce, states as follows:

### PARTIES, VENUE, AND JURISDICTION

1.     In accordance with 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, this Court has the power and authority to grant or issue judgment for declaratory relief in cases over which it has jurisdiction, or the Court deems declaratory relief to be appropriate.

2.     Plaintiff, EMC, is an Iowa Corporation, with its principal place of business in the State of Iowa, and is authorized to do, and does, transact business within the Commonwealth of Kentucky. EMC is deemed a citizen of Iowa for jurisdictional purposes.

3.     Defendant, Cheyeene R. Clifford, is an individual who resides in the Commonwealth of Kentucky and is deemed a resident of Kentucky for jurisdictional purposes.

4.     Defendant, Cliffords Construction, LLC ("Cliffords Construction"), is a Kentucky Limited Liability Company in bad standing. Its members are residents of the Commonwealth of Kentucky. Accordingly, Cliffords Construction is a resident of Kentucky for jurisdictional purposes.

5.     Defendant, Jessica Harper, as Administrator of the Estate of Nathaniel Clay Welch, is deemed a resident of the Commonwealth of Kentucky for purposes of jurisdiction under the provisions of 28 U.S.C. 1332(c)(2).

6.     Upon information and belief, Defendant, Dylan Saucedo, is an individual who resides in the Commonwealth of Kentucky and is deemed a resident of Kentucky for jurisdictional purposes.

7.     Upon information and belief, Defendant, Emily Earlywine, is an individual who resides in the Commonwealth of Kentucky and is deemed a resident of Kentucky for jurisdictional purposes.

8.     Upon information and belief, Defendant, the Estate of Gage Gaunce, is deemed a resident of the Commonwealth of Kentucky for purposes of jurisdiction under the provisions of 28 U.S.C. 1332(c)(2).

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Court has personal jurisdiction over the defendants.

10.     Venue is proper pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

11.     An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

**FACTS**

12.     In December, 2021, EMC issued several policies of insurance to Cliffords Construction, including a Commercial Auto Policy, Policy No. 6E2-83-96 and a General Liability Policy, Policy No. 6D2-83-96 (collectively the "Policies"). [1]

---

[1] A true and correct copy of the Commercial Auto Policy, Policy No. 6E2-83-96 is attached hereto as **Exhibit A**. A true and correct copy of the General Liability Policy, Policy No. 6D2-83-96 is attached hereto as **Exhibit B**.

13.     Upon information and belief, Cheyeene Clifford was at all times a member of Cliffords Construction.

14.     The Policies were renewed in December, 2022, with effective periods of December 30, 2022, through December 30, 2023.

15.     Cliffords Construction failed to pay the January, 2023, premiums for the Policies.

16.     As a result of nonpayment, on February 7, 2023, EMC mailed Cliffords Construction a Notice of Cancellation of Insurance for both Policies, advising that "We are cancelling this policy. Your insurance will cease on the Date of Cancellation shown above." (collectively the "Notices").[2]

17.     The Notices identified the "Date of Cancellation" as "03/30/2023; 12:01 A.M. Local Time at the mailing address of the Named Insured."

18.     The reason for cancellation stated in each Notice was "Nonpayment of Premium."

19.     The Notices were mailed to Cliffords Construction's last known address—321 N. Walnut St., Carlisle, KY 40311.

20.     At no point were the past-due policy premiums paid, and the Policies were cancelled on March 30, 2023.

21.     On June 3, 2023, after the Policies were canceled, Cheyeene R. Clifford was involved in a motor vehicle accident in Nicholas County, Kentucky, which resulted in the death of Nathaniel Clay Welch and Gage Gaunce, as well as purported injuries to Dylan Saucedo and Emily Earlywine.

22.     Subsequently thereafter, on July 27, 2023, Jessica Harper, as Administrator of the Estate of Nathaniel Clay Welch, Dylan Saucedo, and Emily Earlywine, (collectively, the

---

[2] Notice of Cancellation of Policy No. 6E2-83-96, attached hereto as **Exhibit C**. Notice of Cancellation of Policy No. 6D2-83-96, attached hereto as **Exhibit D**.

"Underlying Plaintiffs") filed suit in Nicholas Circuit Court against Cheyeene R. Clifford and Just One More, LLC, assumed name of Gyp Joint, Civil Action No. 23-CI-00057. Counsel for the Underlying Plaintiffs represented that suit will be filed on behalf of Gage Gaunce once an Estate has been established. (the Underlying Plaintiffs, together with Gage Gaunce are collectively referred to as the "Underlying Claimants.")

23.     Upon information and belief, and the nature of the injuries involving multiple fatalities, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

24.     An actual claim or controversy exists because the Underlying Claimants have sought coverage for their claims, and Defendant, Cheyeene Clifford, has sought indemnity and a defense.

25.     Out of an abundance of caution, EMC has provided a defense to Defendant, Cheyeene Clifford, under a reservation of rights, but now seeks a declaration that it complied with all statutory and contractual requirements to effectuate valid cancellation of the Policies.

## COUNT I

26.     EMC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

27.     The endorsements entitled, "Kentucky Changes — Cancellation And Nonrenewal"" of the Policies state, in relevant part:

    **B.**   *The following is added to the **Cancellation** Common Policy Condition:*

        **7.**   ***Cancellation Of Policies In Effect For More Than 60 Days***

            **a.**   *If this policy has been in effect for more than 60 days or is a renewal of a policy we issued, we may cancel this policy only for one or more of the following reasons:*

5

>   ***(1)*** *Nonpayment of premium;*
>
>   *. . .*
>
>   ***b.*** *If we cancel this policy based on Paragraph **7.a.** above, we will mail or deliver a written notice of cancellation to the first Named Insured, stating the reason for cancellation, at least:*
>
>   ***(1)*** *14 days before the effective date of the cancellation, if cancellation is for nonpayment of premium[.]*
>   *. . .*

28.    Furthermore, Kentucky Revised Statute §304.20-320, entitled "Declinations; cancellations; nonrenewals; terminations; notice of premium required," which governs cancellation of the Policies at issue here, provides in relevant part:

>   *(2) Cancellations.*
>
>   *(a) A notice of cancellation of insurance subject to KRS 304.20-300 to 304.20-350 by an insurer shall be in writing, shall be delivered to the named insured or mailed to the named insured at the last known address of the named insured, shall state the effective date of the cancellation, and shall be accompanied by a written explanation of the specific reason or reasons for the cancellation.*
>
>   *(b) The notice of cancellation referred to in paragraph (a) of this subsection shall be mailed or delivered by the insurer to the named insured at least fourteen (14) days prior to the effective date of the cancellation if the cancellation is for nonpayment of premium or occurs within sixty (60) days of the date of issuance of the policy. Such notice of cancellation shall be mailed or delivered by the insurer to the named insured at least seventy-five (75) days prior to the effective date of the cancellation if the policy has been in effect more than sixty (60) days.*
>
>   *(c) Proof of mailing of notice of cancellation or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice.*

29.    By virtue of the Notices, dated February 7, 2023, EMC cancelled the Policies, effective March 30, 2023, before the accident that is the subject of the underlying litigation.

30.     Because EMC complied with the statutory and contractual requirements of cancellation arising from the nonpayment of premiums, the Policies were properly cancelled and EMC is not obligated to provide coverage to Mr. Clifford for the claims arising from the June 3, 2023, automobile accident.

## COUNT II

31.     EMC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

32.     The General Liability Policy, Policy No. 6D2-83-96, contains an exclusion titled "Aircraft, Auto Or Watercraft" that excludes coverage for:

*"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".*

*This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.*

33.     "Auto" is defined, in relevant part, as "*A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment*" or "*Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.*"

34.     Because the claims stemming from the June 3, 2023, automobile accident arose out of the "*ownership, maintenance, use or entrustment to others*" of an "Auto," the General Liability Policy, Policy No. 6D2-83-96, does not provide coverage to Mr. Clifford.

## COUNT III

35.     EMC re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

36.     EMC reserves the right to deny any and/or all claims that have been made, or which may be made in the future, by one or more of the Defendants in this action if EMC later determines that said claims can be denied under any provision of the properly cancelled insurance Policies, including, but not limited to the terms, conditions, exclusions, and/or other policy provisions not specifically set forth herein, in addition to any and all controlling legal authority.

37.     EMC specifically reserves the right to assert any term, condition, exclusion, and/or other provision of any insurance policy issued to Cliffords Construction, LLC, as it may be applicable to any claim arising out of the facts of this litigation by any individual or entity.

WHEREFORE, the Plaintiff, Employers Mutual Casualty Company, prays the Court as follows:

1.     For entry of a Declaratory Judgment from this Court, declaring that EMC complied with all statutory and contractual requirements to effectuate valid cancellations of the Policies, and that the Policies were cancelled, effective March 30, 2023;

2.     For entry of a Declaratory Judgment from this Court, declaring that EMC has no duty to defend Cheyeene R. Clifford in the underlying action, styled *Jessica Harper, as Administrator of the Estate of Nathaniel Clay Welch, et al v. Just One More, LLC, assumed name of Gyp Joint, et al.*, in Nicholas Circuit Court, Civil Action No. 23-CI-00057, or any other litigation that may arise from the June 3, 2023, motor vehicle accident.

3.      For entry of a Declaratory Judgment from this Court, declaring that EMC has no duty to indemnify or extend coverage to the Defendants for any damages that are sought in the underlying action or otherwise arising out of the June 3, 2023, motor vehicle accident;

4.      For entry of Declaratory Judgment from this Court, if necessary, declaring that the "Aircraft, Auto Or Watercraft" exclusion of the General Liability Policy, Policy No. 6D2-83-96, excludes coverage under that policy for the claims arising out of the June 3, 2023, motor vehicle accident.

5.      That it be awarded its costs herein expended, including reasonable attorneys' fees (if applicable);

6.      For a trial of this cause by jury; and,

7.      For any and all other just and proper relief to which it may appear entitled.

Respectfully submitted,

WALTERS RICHARDSON, PLLC

*/s/ John W. Walters*
John W. Walters
Zachary T. Epperson
771 Corporate Drive, Suite 900
Lexington, Kentucky 40503
Telephone:      (859) 219-9090
Facsimile:      (859) 219-9292
Email:          John@WaltersRichardson.com
                ZEpperson@WaltersRichardson.com
COUNSEL FOR PLAINTIFF

AND

Elizabeth M. Bass
100 Hazel Path Court, Suite A
Hendersonville, TN 37075
Telephone:      (615) 919-9090
Facsimile:      (859) 219-9292
Email:          Elizabeth@WaltersRichardson.com
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

On September 27, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ John W. Walters*
COUNSEL FOR PLAINTIFF

7294.007957C:\NRPortbl\Golden_and_Walters\KYOUDELL\2208280_1.DOCX